UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN DOULETTE,

        Plaintiff,

vs.                                    Case No.  2:05-cv-608-FtM-99SPC

THE BOARD OF COUNTY COMMISSIONERS OF
LEE COUNTY, FLORIDA,

        Defendant.

_____

**OPINION AND ORDER**

_____This matter comes before the Court on Defendant The Board of County Commissioners of Lee County, Florida's Motion to Dismiss Plaintiff's Complaint (Doc. #6) filed on February 2, 2006.  In its Motion, defendant referenced and attached exhibits which were not included with the Complaint.  Plaintiff John Doulette filed his Response on February 14, 2006.  (Doc. #9.)

**I.**

Plaintiff filed a three-count complaint alleging that defendant violated the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12111, *et seq.*  Plaintiff alleges that defendant violated Title I of the ADA when plaintiff was forced to resign "due to his insubordination resulting from his automobile being towed from a private, non-handicapped designated parking space." (Doc. #1, ¶ 3.)  Defendant moved to dismiss the Complaint "(1) for its failure to identify the correct "covered entity" as defined in the ADA; (2) the Plaintiff failed to exhaust his administrative

remedies; (3) the Plaintiff named the incorrect party defendant; (4) the complaint contains conclusory allegations, not factual allegations, and incorrect statutory citations." (Doc. #6, p. 2.)

**II.**

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiffs. Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint should not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts that would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint simply must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). However, dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiffs' complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

**III**.

In its Motion to Dismiss, defendant contends, *inter alia*, that it is not plaintiff's employer and therefore, does not fall within the definition of the statutory definition of a "covered entity." Moreover, defendant claims that it is not the proper defendant. In response, plaintiff concedes that he is not certain that defendant is a "covered entity." Indeed, plaintiff admits that "[i]t is not clear from the pleadings whether Lee County is the appropriate Defendant in this case . . . ." (Doc. #9, p. 4.) Plaintiff also asserts that he intends to file an amended complaint to include the proper defendant or defendants.

Rule 15(a) of the Federal Rules of Civil Procedure governs amended pleadings and states as follows: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . ." Fed. R. Civ. P. 15(a). A review of the docket shows that defendant has not filed a responsive pleading at this time. In the Response, Plaintiff concedes the inadequacy of his Complaint against defendant. Additionally, plaintiff seeks to amend the Complaint. Thus, the Court finds that the Motion to Dismiss is due to be granted. The Court will dismiss without prejudice the Complaint against defendant.[1]

---

[1]In ruling on the instant motion, the Court did not convert the Motion to Dismiss to a motion for summary judgment, and therefore, did not consider the attached exhibits to this motion.

Accordingly, it is now

**ORDERED:**

1.  Defendant The Board of County Commissioners of Lee County, Florida's Motion to Dismiss Plaintiff's Complaint (Doc. #6) is **GRANTED**.   The Complaint is dismissed without prejudice against defendant.

2.  Plaintiff may file an amended complaint within **TWENTY (20) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   12th   day of June, 2006.


_____
JOHN E. STEELE
United States District Judge



Copies:
Counsel of record